UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Angie Christin Lee-Davis, | ) | CASE NO. 5:20 CV 2257 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GAP, Inc. dba Old Navy, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

**Background**

This is a removed *pro se* case. Plaintiff Angie Cristin Lee-Davis filed her complaint against "Gap, Inc. dba Old Navy" (defendant) in the Stark County Court of Common Pleas. *Angie Cristin Lee-Davis v. Gap, Inc. dba Old Navy*, Case No. 2020 CV 01232 (Stark Cty. Ct. of Comm. Pls.) In the complaint, the plaintiff alleges she was employed by the defendant in Stow, Ohio, and that on June 3, 2020, she was "asked to show support and 'solidaity [sic] for the dismantle [sic] of systems of oppression' by the [d]efendant on Old Navy premises." (Doc. No. 1-1 at 5, ¶ 4.) She alleges the defendant "is a staunch supporter of the National Association for the Advancement of Colored People (NAACP) and that [its] affiliation with the NAACP in conjunction with the divisive nature of their request put [her] in a very controversial and volatile,

if not dangerous circumstance" in connection with civil unrest and protests occurring in late May and early June 2020. (*Id*. at ¶ 5.) She alleges claims for "political intimidation" in violation of Ohio Revised Code § 3599.05 and "severe mental and emotional distress."

The defendant removed the action to federal court on the basis of diversity of citizenship, and filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 5.) The defendant argues the plaintiff's complaint fails to state a plausible claim under Ohio Rev. Code § 3599.05 because that statute provides only for a criminal penalty when an employer engages in certain specified acts designed to influence the political action of its employees, and that the plaintiff's allegations are insufficient to state a claim for emotional distress claim under Ohio law.

After the defendant filed its motion to dismiss, the plaintiff filed a "Memorandum [in] Opposition" (Doc. No. 8) and a "Motion for Summary Judgment" (Doc. No. 9). In these filings, the plaintiff contends that the defendant "made a political request to [her] on June 2, 2020" that violates Ohio Rev. Code § 3599.05; and, she contends the request constitutes a "Breach of Contract according to the Defendant's Own Code of Business Conduct." (Doc. No. 8 at 2.) In addition, she alleges the "request placed [her] in a very volatile and dangerous situation," caused her to suffer severe emotional distress, and led to her constructive discharge. (*Id*. at 3, ¶ 2.)

On December 1, 2020, after the defendant filed a reply and a motion to hold the plaintiff's motion for summary judgment in abeyance pending a ruling on its motion to dismiss (Doc. No. 11), the plaintiff filed a request to amend her complaint. (Doc. No. 12.) In this motion, the plaintiff asserts she wishes to strike her claims for violation of Ohio Rev. Code § 3599.05 and constructive discharge, asserting she realizes "the heart of the matter" is breach of contract. (*Id*.

at 1, ¶1.) In her proposed amended complaint, she alleges that on June 2, 2020, the defendant sent her an "email directive" requesting that she "[s]how solidarity for the dismantle of systems of oppression" and this breached a provision in the defendant's Code of Business Code ("COBC") (*Id.* at 4, ¶ 5.) She references a provision in the COBC pertaining to "Political Activities," stating: "Out of respect for others, you must not promote any personal political views or beliefs (including by posting or distributing notices or other materials) on Gap Inc. Premises." (*Id.* at 5, ¶ 8.)

In addition, she asserts she "will establish the negligent infliction of emotional distress to [her] due the Defendant's vagrant breach of employment contract with [her]." (*Id*. at 1, ¶ 4.)

The defendant filed an opposition to the plaintiff's motion to amend, contending the plaintiff's proposed amended complaint does not state plausible breach of contract and emotional distress claims and should not be allowed on the ground of futility. In particular, it argues that the plaintiff's amended complaint does not set forth facts demonstrating that it had any contractual obligation to her under the COBC. (Doc. No. 14 at 3.) The plaintiff filed a memorandum in response on January 12, 2021, making arguments as to why her claims are not futile. (Doc. No. 15.) She contends she has a plausible contract claim based on provision in an "Investor Corporate Compliance Code of Business Conduct Policies" and on the basis she obtained a favorable ruling on her allegations from the State of Ohio Unemployment Compensation Review Commission. (*Id*. at 1-3.) The defendant has not responded to these arguments.

**Discussion**

The standard for granting leave to amend a complaint is set forth at Federal Rule of Civil

Procedure 15(a), which provides that the Court should "freely give leave when justice so requires." The Court finds that the interests of justice are served by allowing the plaintiff to amend her complaint in light of the plaintiff's *pro se* status and her desire to clarify and to eliminate some of her claims. Therefore, the Court will allow the plaintiff's amended complaint (Doc. No. 12) to serve as her operative pleading. Given that the defendant's pending motion to dismiss (Doc. No. 5) is directed to her original complaint and it has not endeavored to respond to the plaintiff's arguments in her January 12, 2021 memorandum as to why her amended complaint states plausible claims, the Court will not endeavor to determine whether the plaintiff's claims are sufficient to survive a Rule 12(b)(6) dismissal at this juncture.

### Conclusion

Accordingly, it is therefore ordered that:

1. the plaintiff's motion to file the amended complaint (Doc. No. 12) is granted,

2. the parties' pending motions directed to the plaintiff's original complaint (Doc. Nos. 5, 9, 11) are denied as moot; and

3. the defendant is afforded 30 days from the date of this order to answer or otherwise formally respond to the plaintiff's amended complaint, which is now the plaintiff's operative pleading.

IT IS SO ORDERED.

Date: February 4, 2021    /s/ John R. Adams
                          JOHN R. ADAMS
                          UNITED STATES DISTRICT JUDGE