UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGIE CRISTIN LEE-DAVIS, | ) | CASE NO: 5:20CV2257 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| GAP, INC. DBA OLD NAVY, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is a motion to dismiss filed by the Defendant Old Navy, LLC (Doc. 17). The motion has been fully briefed. Upon review, the motion to dismiss is GRANTED.

**I.  Motion to Dismiss**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Defendant seeks to dismiss Plaintiff Angie Cristin Lee-Davis's amended complaint in its entirety. Defendant acknowledges that while courts have allowed leniency for *pro se* plaintiff's complaints, they still must meet the requirement of federal rules. *Burnett v. Gratton*, 468 U.S. 42, 50 (1984). Because Plaintiff has not adequately plead factual allegations to create plausible claims for either a breach of contract or negligent infliction of emotional distress, the motion to dismiss is GRANTED.

## II. Breach of Contract

Plaintiff has asserted that her employer, Old Navy, breached a contract when it violated its own Code of Business Conduct (COBC). Doc 17. Plaintiff alleges that the

employment contract included all the normal elements of a contract (offer, consideration, acceptance). *Id*. However, a unilateral statement of business policy does not create an employment contract. *McNeil v. MedCentral Health System*, 5th Dist. Richland No. 2008CA0104, 2009-Ohio-3389 at 23 (July 7, 2009). Further, unless two parties manifest a mutual assent to be bound, a handbook is simply a unilateral statement of rules and policies that creates no obligations or rights. *Finsterwald-Maiden v. AAA South Central Ohio*, 115 Ohio App. 3d 443, 685 (Ohio Ct. App. 1996). Additionally, the language of the COBC clearly outlines duties that are for employees only. In fact, the provision that Plaintiff *appears* to rely on is exclusively directed at employees:

> Your personal political activities must be done on your own time, with your own resources. Out of respect for others, you must not promote any personal political views or beliefs (including by posting or distributing notices or other materials) on Gap Inc. premises. You also should not suggest that you speak for the company or that Gap Inc. supports your personal views.

Doc. 17-2 at 25.  Thus, Plaintiff's contentions that Defendant somehow breached this provision cannot stand as a matter of law.  Defendant had no obligations under the provision, and Plaintiff therefore cannot premise her breach of contract on the COBC.

### III. Negligent Infliction of Emotional Distress

To recover for a common law claim of negligent infliction of emotional distress, a plaintiff must show that she either witnessed or experienced a dangerous accident or appreciated the actual physical peril of an accident. *Robinson v. Marc Glassman, Inc.*, No. 5:06CV1792, 2007 WL 3232450, at *8 (N.D. Ohio Oct. 31, 2007) (quoting *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 86-87 (1995). In order to recover, "the plaintiff must show that (1) the accident created a fear of physical consequences to the person; (2) the fear

3

was of a real danger; (3) the emotional injuries sustained must be serious and reasonably foreseeable." *Id.* (citing *High v. Howard*, 64 Ohio St. 3d 82, 85-86 (1992)).

Plaintiff does not include any examples of an accident or any fear of physical consequences. Moreover, given the nature of her underlying factual allegations – that Defendant somehow imposed its political views on her – it is clear that she cannot the elements of a claim for negligent infliction of emotional distress.

### IV. Conclusion

For the reasons detailed above, Defendant's motion for judgment on the pleadings is GRANTED. This matter is hereby dismissed.

IT IS SO ORDERED.


March 3, 2022                                 /s/ Judge John R. Adams
Date                                          JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT